IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE F. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv916-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On December 22, 2010, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. # 18).  The Commissioner objects to an award of fees because his position was substantially justified."  (Def's Res., doc. # 20, at 1).

Smith applied for and was denied supplemental security income benefits by the Commissioner.  After her application was denied, she sought judicial review in this court.  On September 27, 2010, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.[1]

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner.  *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that

---

[1]  On remand, the court directed the Commissioner to "properly determine whether the plaintiff's neurological condition is a severe condition and, if so, determine the plaintiff's residual functional capacity including any limitations imposed by [her neurological] condition."  (Mem. Op., doc. # 16, at 9).

the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The responsibility for assessing a claimant's residual functional capacity ("RFC") belongs to the ALJ at the administrative law judge hearing level.  20 C.F.R. § 404.1546(c). The Commissioner's own regulations require that the ALJ determine a person's RFC "based on *all* the relevant evidence in . . . [the] case record" including the medical evidence.  *See* 20 C.F.R. § 404.1545(a) and (c) (emphasis added). The court concluded that the ALJ, in making the residual functional capacity determination, did not properly consider *all* of the medical evidence before him.  The court found that the ALJ's own opinion "demonstrates that he did not properly consider all of the plaintiff's impairments," "ignored evidence," and "improperly speculat[ed]" on the medical evidence.  Because the ALJ failed to comply with the legal requirement that he properly consider all evidence in the record when determining the plaintiff's RFC, he committed legal error requiring a remand for further proceedings. Thus, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because his position

"was reasonable in law and fact, i.e. substantially justified."  (Def's Res., doc. # 20, at 3).

The defendant's argument is as follows.

> Although the Court disagreed, the Commissioner reasonably took the position that because the ALJ considered Plaintiff's dizziness, the fact that the ALJ did not attribute this symptom to her TIA's was, at most, harmless error.  The ALJ specifically considered Plaintiff's allegations of nausea and dizziness when determining her residual functional capacity (Tr. 16).   In the residual functional capacity determination, the ALJ limited Plaintiff to never working "at activities involving unprotected heights, being around moving machinery, or commercial driving."  (Tr. 14).  These limitations take into account the symptoms of dizziness and nausea, to the extent the ALJ found them supported by the record.

(*Id.*) (citations omitted).

The defendant's argument merely rehashes his argument in support of the ALJ's determination and completely misses the mark.  The court remanded the case because the ALJ failed in *his* duty to properly consider all the medical evidence in the record when determining the plaintiff's residual functional capacity.   While the ALJ considered the plaintiff's complaints of dizziness, he *improperly speculated* that the cause of the dizziness was the plaintiff's hypertension.  He did not consider whether Smith's TIAs constituted a severe impairment that would interfere with her ability to work.  Consequently, because the ALJ failed to comply with the legal requirements that he consider all the medical evidence, the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $1,531.25. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate.  Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 18) be and is hereby GRANTED and the plaintiff be and is hereby AWARDED fees in the amount of $1,531.25.[2]

Done this 4th day of February 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Thus, fees are awarded directly to the plaintiff.